1  BRUCE NAPELL (State Bar No. 115116)
   BRYAN W. DILLON (State Bar No. 203052)
2  SINGLER, NAPELL & DILLON, LLP
   127 S. Main Street
3  Sebastopol, California 95472
   Telephone: (707) 823-8719
4  Facsimile:  (707) 823-8737

5  Attorneys for Katrinka Trail

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FERNANDES,<br><br>  Plaintiff,<br><br>  vs.<br><br>KATRINKA TRAIL and DAVID HOLLOWAY,<br><br>  Defendants. | CASE NO.: 3:08-cv-01410-BZ<br><br>ANSWER OF KATRINKA TRAIL<br><br><br><br>DEMAND FOR JURY TRIAL |

KATRINKA TRAIL, hereby answers Plaintiff's Complaint as follows:

**FIRST CLAIM**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and on that basis denies them.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis denies them.

4. Defendant admits that, to the extent that Plaintiff's Federal law claims are not moot or otherwise barred, the Court has subject matter jurisdiction over the claims set forth in the Complaint.

1

5. Defendant admits that venue is proper in this Court.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies them, except Defendant admits that the Plaintiff's alleged claims arose in the San Francisco Intradistrict.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant cannot respond to Paragraph 8 as it is defective.

9. Defendant denies the allegations of Paragraph 9, except that Defendant admits that she is an owner and lessor of the real property which is the subject of this Complaint.

10. The statutory provisions speak for themselves and must be read in their entirety. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies them.

11. The statutory provisions speak for themselves and must be read in their entirety.

12. The statutory provisions speak for themselves and must be read in their entirety.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and on that basis denies them.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis denies them.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and on that basis denies them.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies them.

18. Defendant denies Plaintiff is entitled to the relief requested.

**SECOND CLAIM**

19. Defendant incorporates by reference, as if fully set forth herein, her responses to the allegations of Paragraphs 1 through 18, inclusive.

20. The statutory provisions speak for themselves and must be read in their entirety.

21. The statutory provisions speak for themselves and must be read in their entirety.

22. The statutory provisions speak for themselves and must be read in their entirety.

23. The statutory provisions speak for themselves and must be read in their entirety.

24. The statutory provisions speak for themselves and must be read in their entirety. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis denies them.

25. Defendant denies the allegations of Paragraph 25.

26. The statutory provisions speak for themselves and must be read in their entirety. Defendant denies the allegations of Paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis denies them.

### AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff has failed to state a claim against this Defendant upon which relief can be granted.

**Second Affirmative Defense**

Defendant alleges that any loss or damage alleged by Plaintiff was caused, in whole or in part, by Plaintiff's own negligence and or other fault.

**Third Affirmative Defense**

Defendant alleges that Plaintiff's claims are barred from recovery due to the doctrine of laches. Plaintiff's failure to timely raise objection to the alleged conditions and conduct, and to enforce this claim, has prejudiced Defendant.

**Fourth Affirmative Defense**

Defendant is informed and believes and thereon alleges that Plaintiff had the ability and opportunity to mitigate any alleged damages and failed and refused to use reasonable diligence to mitigate against such damages, and is therefore barred from recovering any damages which he could have reasonably avoided.

//

**Fifth Affirmative Defense**

Defendant is informed and believes and thereon alleges that it is entitled to indemnity and/or contribution from the other Defendants and/or from third parties not named in the Complaint.

**Sixth Affirmative Defense**

Plaintiff failed to give Defendants adequate and detailed notice and a reasonable opportunity to cure any alleged statutory violations before filing his complaint in this matter. Any attorneys' fees Plaintiff has incurred in prosecuting this action were therefore unreasonable, and cannot be recovered from Defendants under either California or Federal law. *Doran v. Del Taco, Inc.*, 373 F.Supp.2d 1028 (C.D. Cal. 2005).

**Seventh Affirmative Defense**

Defendant alleges that Plaintiff knowingly and voluntarily exposed himself to the matters complained of and consented thereto, and therefore his action is barred by the doctrine of assumption of risk.

**Eighth Affirmative Defense**

Plaintiff lacks standing to bring this action against this Defendant, in that Plaintiff did not encounter any barrier to access within Defendant's premises or at any place which was within Defendant's control.

**Ninth Affirmative Defense**

Defendant is informed and believes, and thereon alleges, that the specific area(s) of any alteration, addition or structural repair, if any, were made or already were accessible in accordance with legal requirements at the time the relevant alteration, addition or structural repair was made, and the plans, specifications and work of improvement were formally approved by the appropriate government authorities having jurisdiction over any such work at the time such work, if any, was performed.

**Tenth Affirmative Defense**

Defendant is informed and believes and based thereon alleges that reasonable accommodations were available to Plaintiff.

4

*399/03/0001.1*   Answer of Defendant Katrinka Trail

**Eleventh Affirmative Defense**

Defendant is informed and believe and thereon allege that Plaintiff's causes of action are barred by the applicable statutes of limitations, including the two - year period of California Code of Civil Procedure Section 335.1 and the three year period of California Code of Civil Procedure Section 338(a).

**Twelfth Affirmative Defense**

Defendant is informed and believes, and thereon alleges, that if there are any barriers to access as alleged in the Complaint, their removal would be both expensive and difficult, and therefore readily achievable.

**WHEREFORE**, Defendant prays for the following relief:

1. That Plaintiff take nothing by way of his Complaint;
2. That Defendant be declared the prevailing party for all purposes in this action;
3. Pursuant to 42 U.S.C. § 12205, for an award of costs and attorney fees incurred by Defendants in this action; and
4. For such other relief as the Court determines is just and proper.

Dated: June 17, 2008                    **SINGLER, NAPELL & DILLON, LLP**

By /S/ _____
Bruce Napell
Attorneys for Katrina Trail

**DEMAND FOR TRIAL BY JURY**

Defendant, St. George Investors, LLC hereby respectfully demands a trial by jury.

Dated: June 17, 2008    **SINGLER, NAPELL & DILLON, LLP**

By /S/ _____
Bruce Napell
Attorneys for Katrina Trail